1   COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2   TRAVIS E. DOWNS III (148274)
    ELLEN GUSIKOFF STEWART (144892)
3   BENNY C. GOODMAN III (211302)
    655 West Broadway, Suite 1900
4   San Diego, CA  92101
    Telephone: 619/231-1058
5   619/231-7423 (fax)
    travisd@csgrr.com
6   elleng@csgrr.com
    bennyg@csgrr.com
7      – and –
    SHAWN A. WILLIAMS (213113)
8   AELISH M. BAIG (201279)
    CHRISTOPHER M. WOOD (254908)
9   100 Pine Street, Suite 2600
    San Francisco, CA  94111
10  Telephone: 415/288-4545
    415/288-4534 (fax)
11  swilliams@csgrr.com
    abaig@csgrr.com
12  cwood@csgrr.com

                                        **E-Filed 10/9/08**

                                        SCHIFFRIN BARROWAY TOPAZ
                                          & KESSLER LLP
                                        ERIC L. ZAGAR
                                        ROBIN WINCHESTER
                                        280 King of Prussia Road
                                        Radnor, PA  19087
                                        Telephone: 610/667-7706
                                        610/667-7056 (fax)
                                        ezagar@sbtklaw.com
                                        rwinchester@sbtklaw.com

13  Co-Lead Counsel for Plaintiffs

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16                   SAN JOSE DIVISION

17  In re MCAFEE, INC. DERIVATIVE          )   Master File No. 5:06-cv-03484-JF
    LITIGATION                             )
18  _____        )   [PROPOSED] ORDER PRELIMINARILY
                                           )   APPROVING DERIVATIVE SETTLEMENT
19  This Document Relates To:              )   AND PROVIDING FOR NOTICE
                                           )
20      ALL ACTIONS.                       )
                                           )
21  _____        )

22

23

24

25

26

27

28

1      WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

2  Procedure 23.1, for an order (i) preliminarily approving the settlement (the "Settlement") of the

3  Federal Derivative Action, in accordance with a Stipulation of Settlement dated September 26, 2008

4  (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and

5  conditions for a proposed Settlement and dismissal of the Federal Derivative Action with prejudice,

6  upon the terms and conditions set forth therein; and (ii) approving for distribution of the Notice of

7  Proposed Settlement (the "Notice"); and

8      WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth

9  in the Stipulation (in addition to those capitalized terms defined herein); and

10      WHEREAS, this Court, having considered the Stipulation and the Exhibits annexed thereto

11  and having heard the arguments of the Settling Parties at the preliminary approval hearing:

12      NOW THEREFORE, IT IS HEREBY ORDERED:

13    1.    This Court does hereby preliminarily approve, subject to further consideration at the

14  Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including

15  the terms and conditions for settlement and dismissal with prejudice of the Federal Derivative

16  Action.

17    2.    A hearing (the "Settlement Hearing") shall be held before this Court on 1/30/09 ,

18  2008, at 9:00  a.m., 2112 Robert F. Peckham Federal Building and United States Courthouse, 280

19  South First Street, San Jose, California, to determine whether the Settlement of the Federal

20  Derivative Action on the terms and conditions provided for in the Stipulation is fair, reasonable and

21  adequate to McAfee shareholders and to McAfee and should be approved by the Court; whether a

22  Judgment as provided in ¶1.9 of the Stipulation should be entered herein, and to award attorneys'

23  fees and expenses to Plaintiffs' Counsel.

24    3.    The Court approves, as to form and content, the Notice annexed as Exhibit A-1

25  hereto, and finds that the distribution of the Notice substantially in the manner and form set forth in

26  this Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and is

27  the best notice practicable under the circumstances and shall constitute due and sufficient notice to

28  all Persons entitled thereto.

1    4.    Not later than ten (10) days following entry of this Order, McAfee shall cause a copy
2    of the Notice, substantially in the form annexed as Exhibit A-1 hereto, to be published in the national
3    edition of *Investor's Business Daily*.

4    5.    At least seven (7) days prior to the Settlement Hearing, McAfee's counsel shall serve
5    on counsel for the Federal Plaintiffs and file with the Court proof, by affidavit or declaration, of such
6    publication.

7    6.    All current McAfee shareholders shall be bound by all orders, determinations and
8    judgments in the Federal Derivative Action concerning the Settlement, whether favorable or
9    unfavorable to current McAfee shareholders.

10    7.    Pending final determination of whether the Settlement should be approved, no current
11    McAfee shareholder, either directly, representatively, or in any other capacity, shall commence or
12    prosecute against any of the Individual Settling Defendants or McAfee, any action or proceeding in
13    any court or tribunal asserting any of the Released Claims.

14    8.    All papers in support of the Settlement and the award of attorneys' fees and expenses
15    shall be filed with the Court and served at least seven (7) calendar days prior to the Settlement
16    Hearing.

17    9.    Any current McAfee shareholder may appear and show cause, if he, she or it has any,
18    why the terms of the Settlement of the Federal Derivative Action should not be approved as fair,
19    reasonable and adequate, or why a Judgment should not be entered thereon, provided, however,
20    unless otherwise ordered by the Court, no current McAfee shareholder shall be heard or entitled to
21    contest the approval of all or any of the terms and conditions of the Settlement, or, if approved, the
22    Judgment to be entered thereon approving the same, unless that Person has, at least fourteen (14)
23    days prior to the Settlement Hearing, filed with the Clerk of the Court and served on the following
24    counsel (delivered by hand or sent by first class mail) appropriate proof of stock ownership, along
25    with written objections, including the basis therefore, and copies of any papers and briefs in support
26    thereof:

27

28

1        ***Co-Lead Counsel for Federal Plaintiffs***

2        Jeffrey D. Light
       COUGHLIN STOIA GELLER
3          RUDMAN & ROBBINS LLP
       655 West Broadway, Suite 1900
4        San Diego, CA 92101-3301

5        ***Co-Lead Counsel for State Plaintiffs***

6        Marc M. Umeda
       ROBBINS UMEDA & FINK, LLP
7        610 West Ash Street, Suite 1800
       San Diego, CA 92101

8
       ***Counsel for Nominal Defendant McAfee, Inc.,***
9        ***and Individual Settling Defendants Eric Brown,***
       ***Robert Bucknam, Leslie Denend, Robert Dutkowsky***
10        ***Dale Fuller, Denis O'Leary, Robert Pangia and***
       ***Liane Wilson***
11

12        Rodney G. Strickland
       WILSON SONSINI GOODRICH &
13          ROSATI, P.C.
       650 Page Mill Road
14        Palo Alto, CA 94304-1050

15 The written objections and copies of any papers and briefs in support thereof to be filed in Court

16 shall be delivered by hand or sent by first class mail to:

17        Clerk of the Court
       UNITED STATES DISTRICT COURT
18        NORTHERN DISTRICT OF CALIFORNIA
       2112 Robert F. Peckham Federal Building
19          and United States Courthouse
20        280 South First Street
       San Jose, CA 95113

21 Any current McAfee shareholder who does not make his, her or its objection in the manner provided

22 herein shall be deemed to have waived such objection and shall forever be foreclosed from making

23 any objection to the fairness, reasonableness or adequacy of the Settlement as incorporated in the

24 Stipulation and to the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise

25 ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to

26 be given.

27

28

1        10.    Neither the Stipulation nor the Settlement, nor any act performed or document

2 executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed

3 to be or may be offered, attempted to be offered or used in any way by the Settling Parties as a

4 presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of

5 the Settling Defendants or of the validity of any Released Claims; or (b) is intended by the Settling

6 Parties to be offered or received as evidence or used by any other person in any other actions or

7 proceedings, whether civil, criminal or administrative.  Released Persons may file the Stipulation

8 and/or a Judgment in any action that may be brought against them in order to support a defense or

9 counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release,

10 good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue

11 preclusion or similar defense or counterclaim.

12        11.    The Court reserves the right to adjourn the date of the Settlement Hearing or modify

13 any other dates set forth herein without further notice to the current McAfee shareholders, and

14 retains jurisdiction to consider all further applications arising out of or connected with the

15 Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by

16 the Settling Parties, if appropriate, without further notice to the current McAfee shareholders.

17        IT IS SO ORDERED.

18 DATED:    10/9/08

19

20                 THE HONORABLE JEREMY FOGEL

                    UNITED STATES DISTRICT JUDGE

21 S:\Settlement\McAfee.set\(v1) EA 00051475.doc

22

23

24

25

26

27

28

**EXHIBIT A-1**

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
TRAVIS E. DOWNS III (148274)
ELLEN GUSIKOFF STEWART (144892)
BENNY C. GOODMAN III (211302)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)
travisd@csgrr.com
elleng@csgrr.com
bennyg@csgrr.com
  – and –
SHAWN A. WILLIAMS (213113)
AELISH M. BAIG (201279)
CHRISTOPHER M. WOOD (254908)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone: 415/288-4545
415/288-4534 (fax)
swilliams@csgrr.com
abaig@csgrr.com
cwood@csgrr.com

SCHIFFRIN BARROWAY TOPAZ
  & KESSLER LLP
ERIC L. ZAGAR
ROBIN WINCHESTER
280 King of Prussia Road
Radnor, PA  19087
Telephone: 610/667-7706
610/667-7056 (fax)
ezagar@sbtklaw.com
rwinchester@sbtklaw.com

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re MCAFEE, INC. DERIVATIVE LITIGATION | ) ) ) Master File No. 5:06-cv-03484-JF |
| | ) NOTICE OF PROPOSED SETTLEMENT |
| This Document Relates To: | ) ) EXHIBIT A-1 |
| ALL ACTIONS. | ) ) ) ) |

**TO:    ALL CURRENT RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF MCAFEE ("MCAFEE" OR THE "COMPANY") AS OF SEPTEMBER 26, 2008, (THE "RECORD DATE") ("CURRENT MCAFEE SHAREHOLDERS").**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.   THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF THE ABOVE-CAPTIONED SHAREHOLDERS' DERIVATIVE ACTION (THE "FEDERAL DERIVATIVE ACTION") AND A PARALLEL ACTION PENDING IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA FOR THE COUNTY OF SANTA CLARA (THE "STATE DERIVATIVE ACTION") AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS.   YOUR RIGHTS MAY BE AFFECTED BY THESE LEGAL PROCEEDINGS IN THE ACTIONS.   IF THE COURT APPROVES THE SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE RELEASED CLAIMS.**

**IF YOU HOLD MCAFEE COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.**

**THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS CONCERNING THE MERITS OF THE ACTION.   THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE THE FINDINGS OF THE COURT.   IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.**

Notice is hereby provided to you of the proposed settlement (the "Settlement") of these shareholder derivative lawsuits. This Notice is provided by Order of the United States District Court for the Northern District of California, San Jose Division (the "Court"). It is not an expression of any opinion by the Court. It is to notify you of the terms of the proposed Settlement, and your rights related thereto.

**I.    WHY THE COMPANY HAS ISSUED THIS NOTICE**

Your rights may be affected by the Settlement of the action styled *In re McAfee, Inc. Derivative Litigation*, Master File No. 5:06-cv-03484-JF. Plaintiffs Kenneth Dossett and Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds ("Federal Plaintiffs"), Defendants Eric Brown, Stephen C. Richards, Sylvia Garcia-Lechelt, Vernon Eugene Hodges, William L. Larson, Dennis L. Cline, Peter R. Watkins, Prabhat K.  Goyal, Robert M. Dutkowsky, Liane S. Wilson, Robert W.  Pangia, Denis O'Leary, Evan S. Collins, Dale L. Fuller, Virginia Gemmell, Robert Bucknam, Zachary Nelson, Art Matin, Edwin Harper and Leslie Denend ("Individual Settling Defendants"), and nominal party McAfee (McAfee and the Individual Settling Defendants collectively, "Defendants"), have agreed upon terms to settle the Federal Derivative Action and a

1 | parallel action pending in the Superior Court for the State of California for the County of Santa Clara
2 | (the "State Derivative Action") and have signed a written Stipulation of Settlement ("Stipulation")
3 | setting forth those settlement terms.

4 |      On _____, 2008, at \_\_\_ \_\_.m., the Court will hold a hearing (the "Final Hearing") in
5 | the Federal Derivative Action.  The purpose of the Final Hearing is to determine: (i) whether the
6 | terms of the Settlement are fair, reasonable and adequate and should be approved; (ii) whether a final
7 | judgment should be entered; and (iii) such other matters as may be necessary or proper under the
8 | circumstances.

9 | **II.     SUMMARY OF THE ACTIONS**

10 |      On May 31, 2006, plaintiff Kenneth Dossett filed a complaint in the United States District
11 | Court for the Northern District of California:  *Dossett v. Cline, et al.*, Case No. 5:06-CV-03484-JF.
12 | On June 7, 2006, *Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds v.*
13 | *Samenuk, et al.*, Case No. C-5:06-03620-JF was filed in the same Court.  The two complaints were
14 | consolidated by Order dated July 13, 2006, as *In re McAfee, Inc. Derivative Litigation*, Case No. C-
15 | 5:06-CV-03484-JF (RS) (the "Federal Derivative Action").  In the same order, Heavy & General
16 | Laborers' Locals 472 & 172 Pension & Annuity Funds and Kenneth Dossett were appointed lead
17 | plaintiffs, and Co-Lead Counsel were appointed.

18 |      On and after June 2, 2006, three shareholder derivative actions were filed in the Superior
19 | Court of the State of California for the County of Santa Clara and were consolidated as  *In re*
20 | *McAfee, Inc. Derivative Litigation*, No. 1:06-CV-064854 (the "State Derivative Action").

21 |      Both the Federal Derivative Action and the State Derivative Action (collectively herein, the
22 | "Actions") allege claims on behalf of McAfee against  certain current and former McAfee officers
23 | and directors, arising from or relating to the granting of stock options at the Company between 1996
24 | and 2006.

25 |      On July 27, 2006, McAfee announced that the Special Committee of independent directors
26 | that had been engaged in an internal review of its stock option practices and related accounting had
27 | concluded that, pursuant to the requirements of Accounting Principles Board Opinion No. 25,
28 | Accounting for Stock Issued to Employees (APB 25), the accounting measurement dates for certain

1  stock options granted differed from the measurement dates previously used for such awards. The
2  Company reported that as a result, new accounting measurement dates would be applied to the
3  affected option grants.

4      On September 28, 2006, and December 8, 2006, respectively, Federal Plaintiffs filed a
5  Corrected Consolidated Verified Shareholder Derivative Complaint ("Consolidated Complaint") and
6  a First Amended Consolidated Verified Derivative Shareholder Derivative Complaint.

7      On January 22, 2007, McAfee moved to dismiss the Federal Derivative Action. In the
8  motion, McAfee argued, among other things, that the Federal Plaintiffs lacked standing to pursue
9  McAfee's claims because they had neither adequately alleged facts sufficient to excuse demand nor
10  adequately alleged that plaintiffs had made a demand on the McAfee Board prior to filing the
11  lawsuit.

12      On January 23, 2007, counsel for the Federal Plaintiffs and counsel for nominal party
13  McAfee met to begin discussions of a possible resolution of the Federal Derivative Action. Between
14  February 2007 and December 2007, Federal Plaintiffs and McAfee engaged in extensive arm's-
15  length negotiation over the terms of a resolution including corporate governance reform measures to
16  be adopted by the Company as part of any resolution of the Federal Derivative Action.

17      On October 9, 2007, pursuant to a Stipulation and Order, the Federal Derivative Action was
18  stayed pending a mediation scheduled for December 11, 2007, before the United States District
19  Judge Layn R. Phillips (Ret.).

20      On October 10, 2007, counsel for the Federal Plaintiffs met with counsel for McAfee and
21  counsel for the McAfee Special Committee, Howrey LLP, and engaged in extensive discussions
22  concerning the Special Committee's investigation in furtherance of their settlement negotiations.

23      Between October 10, 2007 and November 29, 2007, counsel for the Federal Plaintiffs and
24  Howrey LLP engaged in the exchange of information in furtherance of settlement discussions.

25      On December 11, 2007, representatives of all parties to the Actions, including the Non-
26  Settling Defendants George Samenuk ("Samenuk"), Kent Roberts ("Roberts") and Kevin M. Weiss
27  ("Weiss"), engaged in a formal mediation before Judge Phillips. Following that mediation, and after
28  additional negotiations among the Federal Plaintiffs, State Plaintiffs, McAfee and the Individual

1  Settling Defendants, the Settling Parties reached an agreement-in-principle for the resolution of the
2  Actions, as set forth in a Memorandum of Understanding, executed by the Settling Parties on
3  February 22, 2008.

4         All Settling Parties to the Actions have agreed to a resolution of the claims asserted therein
5  and any and all claims which could have been asserted therein, as set forth in the Stipulation.  All
6  Settling Parties and their counsel concur that the Settlement described in the Stipulation is fair to
7  McAfee and to Current McAfee Shareholders.

8  **III.    TERMS OF THE PROPOSED DERIVATIVE SETTLEMENT**

9         The principal terms, conditions and other matters that are part of the Settlement, which is
10 subject to approval by the Court, are summarized below.  This summary should be read in
11 conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has
12 been filed with the Court.

13        To resolve the Actions, and solely as a result of them, the Settling Parties agreed as set forth
14 in the Stipulation as follows:

15        1.     The Settling Defendants acknowledge that the filing and the prosecution of the
16 Actions was a material factor in the payments to the Company described below and the corporate
17 governance enhancements adopted and/or implemented as summarized below and the fully described
18 in the Stipulation.   The Settling Defendants acknowledge that such payments and corporate
19 governance enhancements confer a substantial benefit to McAfee.

20               (a)    Payments to the Company.

21                     (i)     Monetary Relief Resulting from Plaintiffs' Allegations: Subsequent to
22 the filing of the Consolidated Complaint in the Federal Derivative Action, and the Complaint in the
23 State Derivative Action, McAfee froze option exercises from certain option recipients, including
24 1,235,000 stock options held by defendant Samenuk and 494,792 options held by defendant Weiss,
25 which defendants Samenuk and Weiss were not allowed to exercise before the options expired. The
26 Board decided not to extend the exercise period of the options beyond the date that the option freeze
27 was lifted or to renew the option agreements after they had expired.  Therefore, 1,729,792 options
28 with an intrinsic value of approximately $30 million were effectively cancelled.

1            (ii)       This freeze also resulted in the effective cancellation of vested

2  unexercised options and unpaid amounts to Settling Defendant Sylvia Garcia-Lechelt.  The

3  Company agrees and acknowledges that the Federal Derivative Action was a material factor in the

4  cancellation of options and resulting forfeiture of the unpaid amounts.

5            (b)      Corporate Governance Reforms.  McAfee and the Federal Plaintiffs have

6  conducted extensive, arm's-length negotiations and have reached agreement regarding various

7  corporate governance issues, including internal controls and procedures at the Company, which

8  include internal controls and procedures that relate to certain of the allegations raised in the Actions.

9  Specifically, these reforms include executive compensation policies and procedures, including with

10  respect to stock option plans and agreements; policies and procedures for the future granting of stock

11  option awards, including the timing of such grants and those given responsibility therefor;

12  nomination procedures for shareholder-nominated directors to the Board; director independence

13  standards; director stock ownership; the circumstances under which the establishment of the Lead

14  Independent Director is necessary, and the responsibilities of such director; accounting practices and

15  procedures; the requirement of a CFO Quarterly Financial Review; internal audit functions; revenue

16  recognition and other accounting policies; insider trading controls; a policy regarding forfeiture of

17  bonuses and profits from stock sales; corporate ethics, honesty and legal compliance; shareholder

18  proposals; and attendance at shareholder meetings.  McAfee and Individual Settling Defendants

19  acknowledge that the Actions were a material factor in the monetary payment to the Company and

20  adoption and/or implementation of the Corporate Governance Reforms set forth in the Stipulation,

21  and as such confer a benefit to McAfee.

22      2.      The Stipulation also provides for the entry of judgment dismissing the Federal

23  Derivative Action against McAfee and the Individual Settling Defendants with prejudice and, as

24  explained in more detail in the Stipulation, barring and releasing certain known or unknown claims

25  that have been or could have been brought in any court by the plaintiffs in the Actions or by

26  McAfee, or any of its shareholders, against McAfee and the Individual Settling Defendants relating

27  to any of the claims or matters that were or could have been alleged or asserted in any of the

28  pleadings or papers filed in the Actions.  The Stipulation further provides that the entry of judgment

1  will bar and release any known or unknown claims that have been or could have been brought in any

2  court by the Settling Defendants against plaintiffs or Plaintiffs' Counsel related to any of the claims

3  or matters that were or could have been alleged or asserted in any of the pleadings or papers filed in

4  the Actions or based upon or arising out of the institution, prosecution, assertion, settlement, or

5  resolution of the Actions.  In addition, after the Effective Date (as defined in the Stipulation) the

6  State Derivative Action will be dismissed with prejudice.

7  **IV.    PLAINTIFFS' ATTORNEYS' FEES AND EXPENSES**

8       After negotiating the material terms of the Settlement, plaintiffs and the Company, with the

9  assistance of the mediator, the Honorable Layn R. Phillips (Ret.), negotiated the attorneys' fees that

10  McAfee would pay to Plaintiffs' Counsel, subject to Court approval.  As a result of these

11  negotiations, and in light of the substantial benefit conferred, McAfee has agreed to pay $13,750,000

12  to Plaintiffs' Counsel for their fees and expenses ("Fee Award").  The Fee Award includes fees and

13  expenses incurred by Plaintiffs' Counsel in connection with the prosecution and settlement of the

14  Actions.  To date, Plaintiffs' Counsel have not received any payments for their efforts on behalf of

15  McAfee shareholders.  The Fee Award will compensate Plaintiffs' Counsel for the results achieved

16  in the Actions.

17  **V.    REASONS FOR THE SETTLEMENT**

18       Counsel for the Settling Parties believe that the Settlement is in the best interests of the

19  Settling Parties to the Federal Derivative Action and the State Derivative Action, McAfee, and

20  Current McAfee Shareholders.

21       **A.    Why Did Plaintiffs Agree to Settle?**

22       Plaintiffs' Counsel conducted an extensive investigation relating to the claims and the

23  underlying events and transactions alleged in the Actions.  Plaintiffs' Counsel have analyzed the

24  evidence adduced during their investigation, and have researched the applicable law with respect to

25  the claims of plaintiffs, Current McAfee Shareholders and McAfee against the Defendants and the

26  potential defenses thereto.

27       Based upon their investigation as set forth above, plaintiffs and their counsel have concluded

28  that the terms and conditions of the Stipulation are fair, reasonable and adequate to plaintiffs,

1   Current McAfee Shareholders, and McAfee, and in their best interests, and have agreed to settle the

2   claims raised in the Actions pursuant to the terms and provisions of the Stipulation after considering,

3   among other things: (a) the substantial benefits that Current McAfee Shareholders and McAfee have

4   received or will receive from the Settlement, (b) the attendant risks of continued litigation of the

5   Actions, (c) actions taken by the Company and its Board of Directors in response to alleged options

6   dating issues at McAfee, and (d) the desirability of permitting the Settlement to be consummated.

7       In particular, plaintiffs and their counsel considered the significant litigation risk inherent in

8   these shareholder derivative Actions. The law imposes significant burdens on plaintiffs for pleading

9   and proving a shareholder derivative claim. While plaintiffs believe their claims are meritorious,

10  plaintiffs acknowledge that there is a substantial risk that the Actions may not succeed in producing

11  a recovery in light of the applicable legal standards and possible defenses. Plaintiffs and their

12  counsel believe that, under the circumstances, they have obtained the best possible relief for McAfee

13  and Current McAfee Shareholders.

14          **B.    Why Did the Settling Defendants Agree to Settle?**

15      The Settling Defendants have strenuously denied, and continue strenuously to deny each and

16  every allegation of liability made against them or that could have been made against them in the

17  Actions, and assert that they have meritorious defenses to those claims and that judgment should be

18  entered dismissing all claims against them with prejudice. The Settling Defendants have thus

19  entered into the Stipulation solely to avoid the continuing additional expense, inconvenience, and

20  distraction of this burdensome litigation and to avoid the risks inherent in any lawsuit, and without

21  admitting any wrongdoing or liability whatsoever.

22  **VI.    FINAL HEARING**

23      On _____, 2008, at _____ __.m., the Court will hold the Final Hearing at

24  2112 Robert F. Peckham Federal Building and United States Courthouse, 280 South First Street, San

25  Jose, California. At the Final Hearing, the Court will consider whether the terms of the Settlement

26  are fair, reasonable and adequate and thus should be finally approved and whether the Federal

27  Action should be dismissed with prejudice pursuant to the Stipulation.

28

**VII.  RIGHT TO ATTEND FINAL HEARING**

Any Current McAfee Shareholder may, but is not required to, appear in person at the Final Hearing.  If you want to be heard at the Final Hearing, then you must first comply with the procedures for objecting, which are set forth below.  The Court has the right to change the hearing dates or times without further notice.  Thus, if you are planning to attend the Final Hearing, you should confirm the date and time before going to the Court.  ***CURRENT MCAFEE SHAREHOLDERS WHO HAVE NO OBJECTION TO THE SETTLEMENT DO NOT NEED TO APPEAR AT THE FINAL HEARING OR TAKE ANY OTHER ACTION.***

**VIII.  RIGHT TO OBJECT TO THE SETTLEMENT AND PROCEDURES FOR DOING SO**

You have the right to object to any aspect of the Settlement.  You must object in writing, and you may request to be heard at the Final Hearing.  If you choose to object, then you must follow these procedures.

**A.  You Must Make Detailed Objections in Writing**

Any objections must be presented in writing and must contain the following information:

1. Your name, legal address, and telephone number;

2. Proof of being a Current McAfee Shareholder as of the Record Date;

3. The date(s) you acquired your McAfee shares;

4. A statement of your position with respect to the matters to be heard at the Final Hearing, including a statement of each objection being made;

5. The grounds for each objection or the reasons for your desiring to appear and to be heard;

6. Notice of whether you intend to appear at the Final Hearing (this is not required if you have lodged your objection with the Court); and

7. Copies of any papers you intend to submit to the Court, along with the names of any witness(es) you intend to call to testify at the Final Hearing and the subject(s) of their testimony.

8. The Court may not consider any objection that does not substantially comply with these requirements.

**B.     You Must Timely Deliver Written Objections to the Court, Plaintiffs'
         Counsel, and Settling Defendants' Counsel**

YOUR WRITTEN OBJECTIONS MUST BE ON FILE WITH THE CLERK OF THE

COURT NO LATER THAN _____, 2008.  The Court Clerk's address is:

> Clerk of the Court
> United States District Court
> Northern District of California
> 2112 Robert F. Peckham Federal Building
>    and United States Courthouse
> 280 South First Street
> San Jose, CA  95113

YOU ALSO MUST DELIVER COPIES OF THE MATERIALS TO PLAINTIFFS'

COUNSEL AND COUNSEL FOR SETTLING DEFENDANTS SO THEY ARE RECEIVED NO

LATER THAN _____, 2008.  Counsel's addresses are:

> ***Co-Lead Counsel for Federal Plaintiffs***
>
> Jeffrey D. Light
> COUGHLIN STOIA GELLER
>    RUDMAN & ROBBINS LLP
> 655 West Broadway, Suite 1900
> San Diego, CA  92101-3301
>
> ***Co-Lead Counsel for State Plaintiffs***
>
> Marc M. Umeda
> ROBBINS UMEDA & FINK, LLP
> 610 West Ash Street, Suite 1800
> San Diego, CA  92101
>
> ***Counsel for Nominal Defendant McAfee, Inc.,***
> ***and Individual Settling Defendants Eric Brown,***
> ***Robert Bucknam, Leslie Denend, Robert Dutkowsky***
> ***Dale Fuller, Denis O'Leary, Robert Pangia and***
> ***Liane Wilson***
>
> Rodney G. Strickland
> WILSON SONSINI GOODRICH &
>    ROSATI, P.C.
> 650 Page Mill Road
> Palo Alto, CA  94304-1050

Unless the Court orders otherwise, your objection will not be considered unless it is timely filed with

the Court and delivered to Plaintiffs' Counsel and counsel for Settling Defendants.

1   Any Person or entity who fails to object or otherwise request to be heard in the manner
2   prescribed above will be deemed to have waived the right to object to any aspect of the Settlement or
3   otherwise request to be heard (including the right to appeal) and will be forever barred from raising
4   such objection or request to be heard in this or any other action or proceeding.

5   **IX.    HOW TO OBTAIN ADDITIONAL INFORMATION**

6   This Notice summarizes the Stipulation. It is not a complete statement of the events of the
7   Actions or the Stipulation.

8   You may inspect the Stipulation and other papers in the Federal Action at the United States
9   District Clerk's office at any time during regular business hours of each business day. The Clerk's
10  office is located at the United States District for the Northern District of California, 2112 Robert F.
11  Peckham Federal Building and United States Courthouse, 280 South First Street, San Jose,
12  California. However, you must appear in person to inspect these documents. The Clerk's office will
13  not mail copies to you.

14  PLEASE DO NOT CALL, WRITE, OR OTHERWISE DIRECT QUESTIONS TO EITHER
15  THE COURT OR THE CLERK'S OFFICE. Any questions you have about matters in this Notice
16  should be directed by telephone to 619/231-1058 or in writing to Rick Nelson, Shareholder
17  Relations, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San
18  Diego, CA 92101.

19  DATED _____, 2008                    BY ORDER OF THE COURT
                                              UNITED STATES DISTRICT COURT
20                                            NORTHERN DISTRICT OF CALIFORNIA
                                              SAN JOSE DIVISION
21

22  S:\Settlement\McAfee.set\(v3) A1 NOT SETTLEMENT 00053769.doc

23

24

25

26

27

28

**EXHIBIT A-2**

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
TRAVIS E. DOWNS III (148274)
ELLEN GUSIKOFF STEWART (144892)
BENNY C. GOODMAN III (211302)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)
travisd@csgrr.com
elleng@csgrr.com
bennyg@csgrr.com
    – and –
SHAWN A. WILLIAMS (213113)          SCHIFFRIN BARROWAY TOPAZ
AELISH M. BAIG (201279)                 & KESSLER LLP
CHRISTOPHER M. WOOD (254908)      ERIC L. ZAGAR
100 Pine Street, Suite 2600             ROBIN WINCHESTER
San Francisco, CA  94111               280 King of Prussia Road
Telephone: 415/288-4545                Radnor, PA  19087
415/288-4534 (fax)                     Telephone: 610/667-7706
swilliams@csgrr.com                    610/667-7056 (fax)
abaig@csgrr.com                        ezagar@sbtklaw.com
cwood@csgrr.com                        rwinchester@sbtklaw.com

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re MCAFEE, INC. DERIVATIVE      )  Master File No. 5:06-cv-03484-JF
LITIGATION                        )
                                  )  SUMMARY NOTICE OF SETTLEMENT
_____ )
                                  )  EXHIBIT A-2
This Document Relates To:         )
                                  )
    ALL ACTIONS.                  )
_____ )

1

**NOTICE OF SETTLEMENT OF DERIVATIVE ACTIONS**

2   TO:   ALL CURRENT SHAREHOLDERS OF MCAFEE, INC. ("MCAFEE" OR THE "COMPANY") COMMON STOCK AS OF SEPTEMBER 26, 2008

3

4   PLEASE TAKE NOTICE that the above-captioned shareholder derivative action, as well as

5   the consolidated action in Santa Clara County Superior Court identified by Lead Case 1:06-CV-

6   064854 (the "Actions"), are being settled and the parties have entered into a Stipulation of

7   Settlement dated September 26, 2008 (the "Stipulation"). The terms of the Settlement set forth in

8   the Stipulation include: (i) a direct financial benefit to McAfee with an intrinsic value of

9   approximately $30 million, based on the freeze and effective cancellation of approximately

10   1,729,792 vested, in-the-money options held by certain defendants; (ii) the adoption and/or

11   implementation of a variety of corporate governance measures, including measures that relate to and

12   address many of the underlying issues in the Actions, including, but not limited to, enhanced director

13   independence standards, shareholder participation in the nomination process of independent directors

14   to the Board; a Company-sponsored resolution calling for declassification of the McAfee Board; the

15   adoption of majority voting for directors, officer and director compensation, and stock option

16   granting procedures; (iii) the assignment to McAfee of certain claims against defendants George

17   Samenuk, Kent Roberts and Kevin M. Weiss which will not be released and may be pursued by

18   McAfee, and thus may yield further value for the Company; (iv) McAfee's payment of Plaintiffs'

19   Counsel's attorney fees and expenses in the amount of $13.75 million.

20   IF YOU ARE A CURRENT OWNER OF MCAFEE COMMON STOCK, YOUR RIGHTS

21   MAY BE AFFECTED BY PROCEEDINGS IN THE LITIGATION.

22   On _____, 2008, at ___ _.m., a hearing (the "Settlement Hearing") will be held before

23   the United States District Court for the Northern District of California, 2112 Robert F. Peckham

24   Federal Building and United States Courthouse, 280 South First Street, San Jose, CA 95113, to

25   determine: (1) whether the terms of the Settlement should be approved as fair, reasonable and

26   adequate; and (2) whether the above-entitled action should be dismissed on the merits and with

27   prejudice.

28

1    Any shareholder of McAfee that objects to the Settlement of the Actions shall have a right to

2  appear and to be heard at the Settlement Hearing, provided that he or she was a shareholder of record

3  as of September 26, 2008. Any shareholder of McAfee who satisfies this requirement may enter an

4  appearance through counsel of such member's own choosing and at such member's own expense or

5  may appear on their own. However, no shareholder of McAfee shall be heard at the Settlement

6  Hearing unless no later than 14 days prior to the date of the Settlement Hearing, such shareholder

7  has filed with the Court and delivered to plaintiffs' counsel, counsel for nominal defendant McAfee

8  and certain Individual Settling Defendants, a written notice of objection, their ground for opposing

9  the Settlement, and proof of both their status as a shareholder and the dates of stock ownership in

10 McAfee.  Only shareholders who have filed and delivered valid and timely written notices of

11 objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

12   If you wish to object to the Settlement, you must file a written objection setting forth the

13 grounds for such an objection with the Court on or before _____, with service on the following

14 parties:

15
            ***Co-Lead Counsel for Federal Plaintiffs***
16
            Jeffrey D. Light
17          COUGHLIN STOIA GELLER
            RUDMAN & ROBBINS LLP
18          655 West Broadway, Suite 1900
            San Diego, CA 92101-3301
19
20          ***Co-Lead Counsel for State Plaintiffs***

21          Marc M. Umeda
            ROBBINS UMEDA & FINK, LLP
22          610 West Ash Street, Suite 1800
            San Diego, CA 92101
23
24          ***Counsel for Nominal Defendant McAfee, Inc.,***
            ***and Certain Individual Settling Defendants***
25
            Rodney G. Strickland
26          WILSON SONSINI GOODRICH &
            ROSATI, P.C.
27          650 Page Mill Road
            Palo Alto, CA 94304-1050
28

1    Inquiries, other than requests for the detailed form of notice, may be made to Plaintiffs'

2  Counsel: Rick Nelson, c/o Shareholder Relations, Coughlin Stoia Geller Rudman & Robbins LLP,

3  655 West Broadway, Suite 1900, San Diego, CA 92101; phone 619-231-1058.

4

5  DATED _____, 2008                    BY ORDER OF THE COURT
                                             UNITED STATES DISTRICT COURT
                                             NORTHERN DISTRICT OF CALIFORNIA
6                                            SAN JOSE DIVISION

7  S:\Settlement\McAfee.set\(v3) A2 NOT SUMMARY 00051777.doc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28